| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Justin John Pintauro** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | |
| Case number: (If known) | **25-04482** | |

[✓] Check if this is a modified plan, and list below the sections of the plan that have been changed.

[✓] Pre-confirmation modification **2.1, 2.4, 3.1**

[ ] Post-confirmation modification

District of South Carolina
# Chapter 13 Plan

07/24

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan**. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | [✓] Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | [ ] Included | [✓] Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | [ ] Included | [✓] Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | [ ] Included | [✓] Not Included |

## Part 2: Plan Payments and Length of Plan

2.1    The debtor will pay the trustee as follows:

**$5,400.00** per **Month** for **60** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court, unless otherwise ordered.

2.2    Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

[ ] The debtor will make payments pursuant to a payroll deduction order.
[✓] The debtor will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**2.3 Income tax refunds.**
*Check one.*

☑ The debtor will retain any income tax refunds received during the plan term.

☐ The debtor will treat income refunds as follows:
_____

**2.4 Additional payments.**
*Check one.*

☐ None. If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

☑ The debtor will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment

**Lump sum payment of approximately $124,736.52 in month 12, after the sale of 142 Calvin Court, West Columbia, SC (one of the Debtor's investment properties)**

Part 3:  **Treatment of Secured Claims**

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor should continue sending directly to the debtor standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

3.1    **Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply.  Only relevant sections need to be reproduced.*

☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑ **3.1(a)**  The debtor is not in default and will maintain the contractual payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor.

| Name of Creditor | Collateral |
|---|---|
| **Alliant Credit Union** | **8641 Pineville Matthews Road Charlotte, NC 28226  Mecklenburg County TMS#221-21-144** |
| **Freedom Mortgage Corporation** | **1018 Palmyra Drive Fort Mill, SC 29708  York County TMS#141763-24-4 Primary Residence** |

*Insert additional claims as needed.*

☑ **3.1(b)** The debtor is in default and will maintain the contractual payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| **PennyMac Loan Services, LLC** | **142 Calvin Court West Columbia, SC 29170  Lexington County County TMS#007839-01-024 Multi-Unit Rental Property** | **$1,381.25** | **0.00%** | **$200.00** |

| Name of Creditor | Collateral | Estimated amount of arrearage  Includes amounts accrued through the November 2025 Payment | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage (or more) |
|---|---|---|---|---|
| **Chase Mortgage** | **8641 Pineville Matthews Road Charlotte, NC 28226  Mecklenburg County TMS#221-21-144** | $829.77  Includes amounts accrued through the November 2025 payment | 0.00% | $165.00  (or more) |

**3.2** **Request for valuation of security and modification of undersecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*
☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered, the applicable proof of claim sets the amount to be paid at the interest rate set below.  These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any holder of an allowed secured claim treated in this section shall retain its lien on the property interest of the debtor(s) or the estate(s) until the earlier of payment of the underlying debt under applicable nonbankruptcy law or discharge of the underlying debt under 11 U.S.C. § 1328 and shall be required to satisfy its lien at the earliest of the time required by applicable nonbankruptcy law, order of this court, or discharge under 11 U.S.C. § 1328, unless there is a nonfiling co-debtor who continues to owe an obligation secured by the lien.

Unless otherwise stated in Part 8.1, any applicable taxes and insurance shall be paid directly by the debtor.  If the debtor fails to timely pay any such taxes and insurance, then the creditor may pay those amounts.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| **Alliant Credit Union** | **2021 Tesla Model Y VIN: 5YJYGDEE1MF203917** | $20,484.00 | 9.00% | $4,000.00  (or more)  Disbursed by:  ☑ Trustee  ☐ Debtor |

**3.4** **Lien avoidance**.

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**Part 4:  Treatment of Fees and Priority Claims**

**4.1** **General**
The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3**     **Attorney's fees.**

       a.     The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with either the Judge's guidelines or SC LBR 2016-1(b), as applicable, to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

       b.     If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4**     **Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further modification of the plan.

*Check box below if there is a Domestic Support Obligation.*

☐     **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

       a.     Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to _____ (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

       b.     The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

       c.     Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5**     **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑     **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**Part 5:**     **Treatment of Nonpriority Unsecured Claims**

**5.1**     **Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☐     The debtor estimates payments of less than 100% of claims.
☐     The debtor proposes payment of 100% of claims.
☑     The debtor proposes payment of 100% of claims plus interest at the rate of 9.00%.

**5.2**     **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑     **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**     **Other separately classified nonpriority unsecured claims.** *Check one*.

☑     **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | **Executory Contracts and Unexpired Leases** |

**6.1**   **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑   **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | **Vesting of Property of the Estate** |

**7.1**   **Property of the estate will vest in the debtor as stated below:**
*Check the applicable box:*

☑   Upon confirmation of the plan, property of the estate will remain property of the estate, but possession and use of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.

☐   **Other.**   The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

| Part 8: | **Nonstandard Plan Provisions** |

**8.1**   **Check "None" or List Nonstandard Plan Provisions**
☑   **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | **Signatures:** |

**9.1**   **Signatures of the debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X   **/s/ Justin John Pintauro**　　　　　　　　　　X   _____
    **Justin John Pintauro**　　　　　　　　　　　　　　Signature of Debtor 2
    Signature of Debtor 1

　　 Executed on   **March 4, 2026**　　　　　　　　Executed on _____

X   **/s/ Benjamin R. Matthews**　　　　　　　　Date   **March 4, 2026**
    **Benjamin R. Matthews 3332**
    Signature of Attorney for debtor   DCID#

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**